## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILLIP INKEL, | ) | 3:22-CV-00439 (SVN) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GOVERNOR NED LAMONT, et al., | ) | |
| *Defendant.* | ) | August 31, 2022 |

### <u>INITIAL REVIEW ORDER</u>

On March 24, 2022, Plaintiff Philip Inkel, then a sentenced inmate housed at Corrigan-Radgowski Correctional Center of the Connecticut Department of Correction ("DOC"), filed this civil rights action against Governor Ned Lamont and Richard A. Robinson, the Chief Justice of the Connecticut Judicial Branch.   Compl., ECF No. 1.   Plaintiff generally asserts violations of his rights under the United States Constitution, 42 U.S.C. §§ 1985 and 1983; criminal racketeering in violation of 18 U.S.C. § 1962; discrimination in violation of 42 U.S.C. § 2000d; and any other law or statute "that provides relief for ongoing and future violations of federal laws and the U.S. Constitution."   *Id.* at 1.   His complaint seeks injunctive and declaratory relief.   *Id.* at 10.

Plaintiff has also filed a "Motion for a [sic] Emergency Temporary, Permanent, *Ex Parte*, Non *Ex Parte,* Restraining Order and Orders" (the "Motion").   ECF No. 12.   The Motion generally requests the Court enjoin several parties from committing any unconstitutional acts against the Plaintiff.

For the following reasons, the Court must deny the Motion and dismiss this action without prejudice under 28 U.S.C. § 1915A(b).

I.    **FACTUAL ALLEGATIONS**[1]

To the best of its ability, the Court discerns the following allegations from Plaintiff's complaint.   Since 1993, Plaintiff has complained about and reported ongoing and future dishonest, violent, unconstitutional, and criminal conduct by Connecticut government officials, federal authorities, Defendants, and the press.   Compl. at ¶ 2.   Despite a prior federal court ruling that Plaintiff's First Amendment rights were violated by government authorities, Defendants in this action have acted to retaliate against Plaintiff.   *Id.* at ¶¶ 4-5.   Plaintiff has suffered retaliatory action, false arrest, malicious criminal and civil prosecutions, wrongful imprisonment, pain, emotional distress, torture, loss, suffering and despair.   *Id.* at ¶ 6.   He has been and will continue to be deprived of access to the courts, due process, and equal protection of the law.   *Id.* at ¶¶ 7-9. It appears to the Court the thrust of Defendant's allegations is that he has been, and is, the target of numerous separate conspiracies to deprive him of his constitutional rights, spearheaded by the Defendants.   The Court sets out the details of these conspiracies, as alleged, below.

Defendants allegedly authorize Attorney Generals, State's Attorneys, and private attorneys to influence the courts as to Plaintiff's cases and to defraud the Federal government and the Connecticut courts.   *Id.* at ¶ 10.   Plaintiff fears for his life, liberty, and health as a result of Defendants' threats and retaliation for Plaintiff's prior litigation.   *Id.* at ¶ 11.   Defendants

---

[1] Plaintiff's Complaint notes that it is "not complete" and "requires further supplements and amendments."   Compl. ¶ 30.   To that end, Plaintiff has filed numerous "supplements" to the complaint since this case was filed.   ECF Nos. 7, 9, 15.   It is unclear to the Court precisely what these filings are meant to accomplish.   To the extent they are attempts to amend or supplement the Complaint, Plaintiff is advised that any amended pleading "replace[s] and supercede[s] in its entirety the previous complaint."   *Bennett v. Fletcher*, No. 917CV849GTSCFH, 2018 WL 557885, at *1 (N.D.N.Y. Jan. 18, 2018).   The purpose of this rule is to "ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him" and to "eliminate[] the confusing nature of 'piecemeal' amended complaints."   *Id.*   As any information contained in the supplements is therefore not part of the complaint, it is not properly before the Court at this time, and the Court will not consider it for purposes of this initial review order.   If Plaintiff wishes to pursue claims outlined in those supplemental filings, he should include all relevant allegations in a single amended complaint.

routinely tamper with, and threaten, witnesses; engage in overt acts to conspire, kill and/or imprison Plaintiff; alter court transcripts; destroy visual audio recordings; destroy evidentiary and exculpatory photographs; write false official reports and affidavits; and commit perjury.  *Id.* at ¶ 12.

In 2003-2005, Defendants caused Plaintiff's children to be kidnapped, detained and/or imprisoned.  *Id.* at ¶ 13.  Plaintiff's children were sexually tortured while in the control and custody of Defendants.  *Id.* at ¶ 14.  Subsequent cover-ups and policy of abuse to children in state custody have resulted in the denial of treatment for Plaintiff's children.  *Id.* at ¶ 15.  Medical staff, care takers, and social workers who work for Defendants do not acknowledge, treat, or document the torture and injuries inflicted upon children in state custody.  *Id.* at ¶ 16.

Defendants routinely engage in practices causing dishonest legal services.  *Id.* at ¶ 17. All child protection proceedings against Plaintiff terminated in his favor after Plaintiff represented himself.  *Id.* at ¶ 18.  Plaintiff has routinely been denied adjudication and trial by jury, *id.* at ¶ 19, and Defendants have created false custody and support orders without trial or agreement and falsified records to make it appear that Plaintiff agreed to such orders.  *Id.* at ¶ 20.

Plaintiff has been threatened with, and actually been, imprisoned for attempting to record or complain about Defendants' conduct.  *Id.* at ¶ 21.  Defendants routinely defraud the United States for payment to fund unlawful government conduct and to obstruct justice.  *Id.* at ¶ 22. Plaintiff is routinely denied access to post-judgment remedies, appeals, and stays of executions of judgments by Defendants.  *Id.* at ¶ 23.  Plaintiff is often imprisoned "i[n]comunica[d]o."  *Id.*   at ¶ 24.

Moreover, "Defendants' judges" routinely provide false information that a trial occurred or that there had been an opportunity to be heard prior to entry of judgment.  *Id.* at ¶ 25.

Defendants cause their workers and private actors to harm Plaintiff, falsely arrest him, and routinely cover-up these activities through "policy, exculpatory evidence, and information." *Id.* at ¶ 26.

Since 2014, Plaintiff has been continuously prosecuted and intermittently imprisoned based on those prosecutions. *Id.* at ¶ 27. Plaintiff has been denied legal representation and an ability to represent himself. *Id.* He is currently being threatened and obstructed from being in his home without due process of law, without access to court, and without corruption-free legal services. *Id.* As Plaintiff's children live in his home, this conduct has resulted in their abandonment and lack of their father's guidance, care, and protection. *Id.*

Defendants recently altered another transcript in the state's case against Plaintiff in order to obstruct justice, conceal unlawful governmental patterns and policies, and to deny Plaintiff his ability to exercise his rights in court. *Id.* at ¶ 28. The transcript was altered to omit the testimony of certain state troopers. *Id.*

Plaintiff names several "workers" who are involved in the alleged schemes. *Id.* ¶ 30. None of these individuals are named as defendants in the Complaint.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

4

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570.   Nevertheless, it is well-established that *"[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

### III.   DISCUSSION

Plaintiff seeks a declaratory judgment that Defendants have denied him his right to equal protection of the law and an injunctive order prohibiting Defendants from denying him life, health, honest governmental services, freedom, home, access to the courts, and equal protection of the law.   Compl., ECF No. 1 at ¶ 32.   For the reasons set forth below, the Court will Dismiss all of Plaintiff's claims.

#### A.   Federal Rule of Civil Procedure 8(a)

Federal Rule of Civil Procedure 8 requires that a party's complaint contain a "short and plain statement of the claim."   Fed. R. Civ. P. 8(a).   Rule 8 requires that a statement for relief be plain "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).   This serves to relieve the Court and defendants of the "unjustified burden" of having "to select the relevant material from a mass of verbiage." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Salahuddin*, 861 F.2d at 42).   In sum, Rule 8 requires the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests" *Bell Atl. Corp.*, 550 U.S. at 555.   Dismissal of a complaint under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous,

vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin*, 861 F.2d at 42.

After review of the complaint, it is clear to the Court that this is precisely one of those cases. Initially, Plaintiff's complaint names two defendants: Governor Ned Lamont and Chief Justice Richard A. Robinson. What the complaint does not do is connect either of the Defendants to any of the action alleged therein. Instead, the Complaint focuses the majority of its time on wide-ranging allegations of generalized wrongdoing by the government. These allegations include "organized corrupt governmental racketeering activity," "corruptly influenc[ing]" Plaintiff's pending legal cases, and "tampering and threating witnesses." Compl. at ¶¶ 8, 10, 12. The Complaint, however, never connects any specific action taken by the Defendants to any of Plaintiff's claims. Instead, Plaintiff simply states the Defendants caused these wrongs, among others. Plaintiff further alleges that Defendants somehow cause "their workers and private actors to harm me." *Id.* ¶ 26. It appears Plaintiff may be attempting to allege some sort of conspiracy or other agency relationship between the Defendants and some undisclosed third parties, but the Complaint, as drafted, does not "give the defendant fair notice of what the claim is and the grounds upon which it rests," even when viewed with the required liberality afforded to a *pro se* complaint. *Bell Atl. Corp.*, 550 U.S. at 555. Neither the Court nor Defendants should be required to decipher—from review of the allegations in the Complaint—who Plaintiff is suing as a defendant, what acts he claims each defendant has committed to violate his rights, and what relief he seeks from each defendant. For these reasons, the Complaint fails to comply with the requirements of

Rule 8.   Even with the special solicitude afforded a *pro se* plaintiff, dismissal of the instant complaint is warranted.[2]

B.   MOTION FOR EMERGENCY TEMPORARY, PERMANENT, EX PARTE, NON-EX PARTE RESTRAINING ORDER

In addition to his Complaint, Plaintiff has filed a motion requesting a temporary and permanent restraining order.   ECF No. 12.   Specifically, he requests that this Court prohibit Defendants from subjecting him to violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments in connection with his allegedly unconstitutional incarceration in a state criminal matter without a jury trial.   ECF No. 12. at 1-2.

A district court "has wide discretion in determining whether to grant a preliminary injunction."   *See Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005) (Sotomayor, J.).   The same standard applies for granting a temporary restraining order and a motion for a preliminary injunction.   *Stoneway Capital Corp. v. Siemens Energy Inc.*, 2020 WL 764457, at *1 (S.D.N.Y. Feb. 14, 2020).[3]   Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."   *Moore*, 409 F.3d at 510; *see also Winter v. Natural Res. Def. Council,*

---

[2] Despite dismissing Plaintiff's complaint for failure to comply with Rule 8, one thing that is clear to the Court is that Plaintiff is requesting a declaration that Defendants have violated his constitutional rights.   Such retrospective declaratory relief is barred by the Eleventh Amendment.   *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* [allowing claims for prospective injunctive relief against officials sued in their individual capacity] . . . to claims for retrospective relief.").   If Plaintiff were to file an amended complaint, he should keep in mind that any requests for a declaration that the state, or its officers, violated his constitutional rights will not be allowed to proceed.

[3] The main differences between a TRO and preliminary injunction are: "first, that a TRO is often granted *ex parte* but thereafter has a limited lifespan and, second, that even where . . . there is a subsequent adversarial hearing on the TRO, it typically occurs before there has been extensive discovery."   *Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016).   "Therefore, a TRO, perhaps even more so than a preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"   *Id.*   (quoting *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015)).   *See also Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007)).

*Inc.*, 555 U.S. 7, 24 (2008).   Under this standard, a movant must establish "he or she will suffer irreparable harm absent injunctive relief" and either (1) "that he or she is likely to succeed on the merits" or (2) there are "sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party."  *Moore*, 409 F.3d at 510 (internal citations omitted).   To demonstrate irreparable harm, a plaintiff must show "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of money damages."  *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995).

"The moving party must [also] establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint."  *Vega v. Lantz*, No. 3:04-CV-1215 (DFM), 2006 WL 2642416, at *2 (D. Conn. Sept. 14, 2006) (internal citations omitted); *see also Taylor v. Rowland*,  3:02-CV-229 (DJS) (TPS), 2004 WL 231453, at *2–*3 (D. Conn. Feb. 2, 2004) (concluding that a motion for preliminary injunctive relief was not proper because it was "unrelated to the issues in the amended complaint").

The burden of proof is even greater where, as here, the movant seeks a "mandatory preliminary injunction that alters the status quo by commanding some positive act," rather than a "prohibitory injunction seeking only to maintain the status quo."  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks and citation omitted).   Such a mandatory injunction "should issue only upon a *clear showing* that the moving party is entitled to the relief requested,  or  where *extreme* or *very serious* damage will result from a denial of preliminary relief."  *Id.* (emphasis added).   A party seeking a mandatory injunction must make a substantial showing of a likelihood of success on the merits.  *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.

8

1996).[4]

In the prison context, a "district court should approach issuance of injunctive orders with the usual caution." *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). Federal courts can order prospective relief "in any civil action with respect to prison conditions," provided it "extend[s] no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a). Injunctive relief afforded by a court must be narrowly tailored or proportional to the scope of the violation and extending no further than necessary to remedy the violation. *Brown v. Plata*, 563 U.S. 493, 531 (2011). Thus, the court should reject "remedial orders that unnecessarily reach out to improve prison conditions other than those that violate the Constitution." *Id.*

Here, Plaintiff references several incidents, but it is not clear who Plaintiff considers to have taken actions depriving him of his constitutional rights. Nor is it clear what facts provide a basis for believing that he is subject to a threat of imminent harm for which he seeks relief.

Plaintiff's vague requests for an injunctive order to prohibit Defendants from depriving him of his constitutional rights or his life, health, honest governmental services, freedom, home, access to the courts and equal protection of the law are not cognizable because "an injunction [must] be 'more specific than a simple command that the defendant obey the law.'" *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 620 (S.D.N.Y. 2018) (quoting *City of New York v. Mickalis Pawn*

---

[4] A federal court generally holds a hearing on a motion for preliminary injunction, but hearings are not required in all cases. *See Drywall Tapers & Pointers of Greater New York, Local 1974 of I.B.P.A.T., AFL–CIO v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n,* 954 F.2d 69, 76-77 (2d Cir. 1992). "[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations,* 107 F.3d 979, 984 (2d Cir. 1997). Thus, if the record before the court demonstrates no factual dispute to be resolved by an evidentiary hearing, the court may grant or deny the motion without hearing oral testimony. *Lopez v. McEwan,* No. 3:08CV678 (JCH), 2009 WL 179815, at *1 (D. Conn. Jan. 23, 2009) (citation and internal quotation omitted).

*Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011)).   Here, Plaintiff has requested no relief other than this vague requirement to follow the law.   His motion for a temporary restraining order can thus be denied on this ground alone.

However, the Court also notes it is unclear what role, if any, the Defendants named in this case, Governor Lamont and Chief Justice Robinson, had in the asserted constitutional violations related to past or future arrests, trials, or access to his children or house, and no facts indicate that these Defendants could afford the relief Plaintiff requests.   *See Smith v. Perez*, No. 19-CV-1758, 2020 WL 2307643, at *6 (D. Conn. May 8, 2020) (noting that a claim for injunctive relief can only proceed against defendants who the Court "plausibly ha[s] the authority to grant the prospective relief").   To the extent Plaintiff seeks an order enjoining any party not named as a defendant in the present action, the Court cannot grant such relief.   *Hakeem v. Stinson*, 39 F. App'x 674, 675 (2d Cir. 2002) (the Court "may order no injunctive relief as to nonparties to the action")

Finally, Plaintiff's motion discusses at length a situation that took place during an unrelated criminal trial in Connecticut State Court.   While the relevance of such trial is unclear, to the extent that Plaintiff requests the Court issue injunctive orders based on the alleged unconstitutionality of past state court judgments, this Court is without the ability to do so.   *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486–87 (1983).   Nor may a plaintiff "overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'"   *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)).   Thus, to the extent Plaintiff would like the Court to review prior state court judgements against Plaintiff, such relief is barred by the *Rooker-Feldman* doctrine.

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Emergency Temporary Permanent Ex Parte, Non Exparte Restraining Order, ECF No. 12.   The Court further DISMISSES the Complaint in its entirety without prejudice to refiling an amended complaint.   Any such amended complaint must be filed by **September 30, 2022.**   In light of the Court's decision to dismiss the complaint in its entirety, Plaintiff's Motion to Preserve Records (ECF No. 18) and Request for Legal Assistance (ECF No. 19) are DENIED as moot.

**SO ORDERED** at Hartford, Connecticut, this 31st day of August, 2022.

    */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE